## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nautilus Insurance Company,<br>7233 East Butherus Drive<br>Scottsdale, AZ 85260,<br><br>    *Plaintiff*, | : CIVIL ACTION LAW<br>:<br>:<br>:<br>:    1:22-cv-276<br>:<br>:<br>: |
|     v. | : **DECLARATORY JUDGMENT**<br>: **COMPLAINT** |
| Nelson Bros. Engineering, LLC<br>2396 State Highway 141<br>Trout Lake, Washington 98650<br><br>and<br><br>Jerry M. Blum<br>407 Sedgwick Street<br>Kane, PA 16735<br><br>    *Defendants*. | : **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:  **FILED**<br>:<br>:  9/26/2022<br>:<br>:  CLERK U.S. DISTRICT COURT<br>:  WEST. DIST. OF PENNSYLVANIA<br>: |

Plaintiff Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel, brings this action for declaratory relief pursuant to 28 U.S.C. Section 2201 (the "Declaratory Judgment Act"), and consistent with minimum jurisdictional requirements precedent hereto, as grounds for the relief sought herein states as follows:

## I.  <u>INTRODUCTION</u>

1.  Nautilus seeks a declaration with respect to the rights, duties and obligations of the parties under an insurance policy issued by Nautilus to Nelson Bros. Engineering, LLC ("NBE")

with respect to an incident in which underlying plaintiff/claimant, Jerry M. Blum ("Blum"), was injured while working at a sawmill, Kane Hardwood, a division of Collins Pine Company ("Collins"), located in McKean County, Pennsylvania.

2.      Upon information and belief, Blum, an employee of Collins, was injured while working at the Kane Hardwood sawmill facility located at 95 Hardwood Dr., Kane, Pennsylvania, on January 15, 2020, when his right pant leg was caught in an area between a chain conveyor and a tail spool – leading to his leg being severed.

3.      Blum has filed a civil tort action in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned <u>Jerry M. Blum v. Sentry Insurance Company f/k/a Sentry Insurance a Mutual Company, <i>et al.</i></u>, assigned Docket Number GD-22-000472 (the "Underlying Action").

4.      NBE provided notice of the Underlying Action to Nautilus, seeking defense and/or indemnity to NBE.

5.      While Nautilus is presently providing NBE a defense to the Underlying Action subject to a reservation of rights, Nautilus brings this action to request that this Court declare that Nautilus has no duty to defend or indemnify NBE, and thus that Nautilus may withdraw its defense of NBE in the Underlying Action and need not indemnify any judgment or settlement in the Underlying Action.

6.      Among other things, the Nautilus Policy contains a Products-Completed Operations Hazard Exclusion (set forth below) (the "PCOH Exclusion") stating that the Nautilus Policy does not apply to "bodily injury" included within the "products-completed operations hazard".

7.      All of the injuries alleged in the Underlying Action fall within, and thus are excluded from coverage by, the PCOH Exclusion.

8.      Additionally, the Nautilus Policy contains a Limitation Of Coverage To Designated Operations exclusion stating that the Nautilus Policy does not apply to "bodily injury" arising out of, or in any way related to, operations performed by any insured unless such operations are "designated operations".

9.      Nautilus does not owe coverage to the extent that Underlying Action does not involve bodily injury arising out of or related to NBE's Computer Software Design and providing computer service or repair.

## II.    JURISDICTION

10.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the claim is between citizens of different states.

11.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    The Parties And Their Citizenship

12.     There is complete diversity of citizenship between Nautilus and both defendants, NBE and Blum.  28 U.S.C. § 1332(a).

13.     Plaintiff Nautilus is a corporation organized under the laws of the State of Arizona, with its principal place of business at 7233 E. Butherus Dr., Scottsdale, Arizona, and is an eligible surplus lines insurer whose policies are sold and delivered within the Commonwealth of Pennsylvania.

14.     Nautilus is a citizen of the State of Arizona and does not maintain an office in the Commonwealth of Pennsylvania.

15.     Defendant Nelson Bros. Engineering, LLC is, upon information and belief, a citizen of Washington, being a limited liability corporation organized under the laws of the State of Washington, with its principal place of business at 2396 State Highway 141, Trout Lake, Washington.

16.     Upon information and belief, none of NBE's members are citizens of Arizona.

17.     Upon information and belief, NBE has two members, Rod Nelson and Deborah Nelson, both of whom are residents and citizens of the State of Washington, residing in Trout Lake, Washington.

18.     Upon information and belief, NBE is engaged in the business of providing software systems to sawmills.

19.     Defendant Jerry M. Blum is, upon information and belief a citizen and resident of the Commonwealth of Pennsylvania, residing at 407 Sedgwick St., Kane, Pennsylvania in McKean County.

**B.     <u>Amount in Controversy</u>**

20.     The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

21.     The Nautilus Policy (as described below) provides certain coverage subject to, among other things, a $1 million per occurrence limit.

22.     At issue in this case is whether Nautilus has any duty to defend or indemnify NBE in an Underlying Action (as described below) involving injury to a claimant who alleges that his leg was pulled into machinery, crushed and ultimately severed from his body.

23.     Defense costs and the damages at issue in the Underlying Action, combined, exceed $75,000.

-4-

III.     **VENUE IS PROPER IN THIS COURT**

24.     Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b).

25.     This action seeks a declaration with respect to the rights, duties and obligations of the parties under an insurance policy issued by Nautilus to NBE with respect to an incident involving Blum at a sawmill located in McKean County, Pennsylvania, and which is the subject of the Underlying Action filed in the Court of Common Pleas of Allegheny County, Pennsylvania.

26.     At issue here is whether Nautilus has any duty to defend (or continue defending) NBE in a lawsuit pending within the Western District of Pennsylvania, and whether Nautilus has any duty to indemnify NBE for any judgment rendered in (or settlement of the Underlying Action in) the Western District.

27.     Venue is also proper in this District under § 1391(b)(2) because a substantial part of the events or omissions giving rise to Nautilus's claims occurred in the Western District of Pennsylvania.

28.     A substantial part of the events or omissions giving rise to Nautilus's claims occurred in the Western District of Pennsylvania because Blum's alleged injuries, the Underlying Action, the defense Nautilus is providing to NBE from which Nautilus seeks to withdraw, and the underlying judgment, if any, occurred and/or are still occurring within the Western District.

29.     Further, Blum and NBE are subject to this Court's personal jurisdiction with respect to this action.

30.     As such, venue also would be proper under § 1391(b)(3).

29190417v.1

IV.     **FACTS COMMON TO ALL COUNTS**

     A.     **Blum's Allegations In The Underlying Action**

    31.     In 2022, Blum filed the Underlying Action against NBE and others – alleging that Blum suffered bodily injuries on or about January 15, 2020, while Blum was working in a role/position tasked with sawmill cleanup at the Kane Hardwood sawmill facility located at 95 Hardwood Dr, Kane, Pennsylvania 16735.

    32.     On or about January 13, 2022, Blum filed an Amended Complaint in the Underlying Action.

    33.     A true and correct copy of the Amended Complaint in the Underlying Action is attached as Exhibit "A" hereto.

    34.     In his Amended Complaint, Blum alleges that, while cleaning sawdust, his right pant leg became caught in an unguarded area between a chain conveyor and tail spool.

    35.     Blum alleges that he suffered "severe injuries", including the severing of his leg, requiring "extensive medical care and treatment including, but not limited to, multiple hospitalizations and surgeries."

    36.     In the Amended Complaint in the Underlying Action, Blum sued Sentry Insurance and Parker Services LLC alleging that they provided safety inspections and recommendations. Blum also sued U.S. Natural Resources, Inc. and USNR LLC alleging that they manufactured certain machinery involved in Blum's injuries.

    37.     Blum also alleges that NBE "sold, serviced, modified, retrofit, and/or inspected the products and/or instrumentalities involved in the subject incident".

    38.     Blum alleges that NBE "performs numerous services related to optimization, retrofitting, altering and/or otherwise changing sawmill machinery and sawmill machinery

controls", and NBE was hired by Collins "to modernize and/or optimize certain portions of its sawmill machinery located at the Kane Hardwood sawmill facility".

### B.    The Nautilus Policy Issued To NBE

39.    Nautilus issued policy number NC756970 to Named Insured Nelson Bros. Engineering LLC, with a policy period of June 22, 2019 to June 22, 2020 (the "Nautilus Policy" or "Policy").

40.    A true and correct copy of the Nautilus Policy is attached as Exhibit "B" hereto.

41.    The Policy provides certain coverage for damages because of "bodily injury" caused by an "occurrence" (and which injury occurs during the Policy's policy period) subject to a $1 million per occurrence and a $1 million general aggregate limit.

42.    Products – Completed Operations are excluded under the Policy – as noted on both the Declarations page and in a specific exclusion added by Endorsement.

43.    By Endorsement on form CG 21 04 11 85, an **EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD** was added to the Policy – providing that: "This insurance does not apply to bodily injury or property damage included within the 'products-completed operations hazard.'"

44.    "Products-completed operations hazard" is defined in the Policy (written on form CG 00 01 04 13) as:

> **16.** "Products-completed operations hazard":
>
> > **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> >
> > > **(1)**  Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

    **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products completed operations are subject to the General Aggregate Limit.

45.  The Policy, on Form L240 (06/07), also contains a **LIMITATION OF COVERAGE TO DESIGNATED OPERATIONS**.  By this Endorsement, the following exclusion was added to the Policy:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments

arising out of, or in any way related to, operations performed by any insured or any person or organization for whom any insured may be legally or contractually responsible, unless such operations are "designated operations".

46.    The Endorsement defines "designated operations" to mean "only those operations performed by any insured that are described on the General Liability Coverage Part Declarations, the endorsements, or supplements of this insurance."

47.    In the Policy, NBE's business was described as being a "Computer Screening Systems Manufacturing" business which provided computer software design and computer service or repair.

## V.    MATTERS IN DISPUTE BETWEEN THE PARTIES

48.    This is an action for declaratory judgment and relief.

49.    Nautilus has offered a defense to NBE in the Underlying Action subject to a full and complete Reservation of Rights.

50.    In its Reservation of Rights letter to NBE, Nautilus advised NBE of Policy provisions and exclusions that bar coverage for the claims asserted against NBE in the Underlying Action.

51.    NBE has accepted Nautilus's defense under a reservation of rights.

52.    Nautilus and NBE dispute whether there is coverage under the Policy for the claims in the Underlying Action.

53.    While Nautilus has advised NBE of certain Policy provisions and exclusions that preclude coverage for the Underlying Action, NBE asserts that the claims against it in the Underlying Action are covered by the Nautilus Policy.

29190417v.1

54.     Additionally, and upon information and belief, Blum will seek to obtain insurance proceeds from the Policy issued to NBE if he prevails on his claims against NBE.

55.     An actual, present and *bona fide* controversy exists between the parties to this action concerning their respective rights, duties and obligations.

56.     The coverage issues under the Nautilus Policy at issue in this action will not be determined in the Underlying Action.

## COUNT I - DECLARATORY JUDGMENT

### (Products-Completed Operations Hazard Exclusion)

57.     Nautilus realleges and incorporates by reference each of the foregoing paragraphs above as though fully set forth herein.

58.     As noted above, the Nautilus Policy contains a PCOH Exclusion.

59.     The PCOH Exclusion precludes any duty to defend or indemnify the Underlying Action.

60.     The PCOH exclusion bars coverage for "bodily injury" included within the "products-completed operations hazard".

61.     Blum's injuries alleged in the Underlying Action all are included within the "products-completed operations hazard".

62.     Blum's injuries occurred away from premises owned or rented by NBE.

63.     Blum's injuries are alleged by Blum to have arisen out of NBE's work or product.

64.     As alleged in the Underlying Action, NBE's work was completed at the time of the incident and had been put to use.

65.     NBE's work was being used by Collins at the Kane Hardwood sawmill at the time of the incident.

66.     As such, the PCOH Exclusion precludes coverage for the Underlying Action.

67.     Nautilus has no duty to defend NBE in the Underlying Action.

68.     Nautilus has no obligation to indemnify NBE for any judgment entered against (or any settlement with) NBE in the Underlying Action.

**WHEREFORE,** Nautilus demands judgment be entered in its favor and against NBE and Blum and prays that the Court declare:

a.  The rights, duties and obligations of the parties hereto under the law, contract and facts herein;

b.  That the Policy issued by Nautilus to NBE does not provide coverage for the claims in the Underlying Action;

c.  That Nautilus has no duty to defend NBE in the Underlying Action and may withdraw from the defense of NBE in the Underlying Action;

d.  That Nautilus has no duty to indemnify NBE for any damages awarded (or settlement reached) in the Underlying Action; and

e.  Award Nautilus its costs of suit and such other and further relief as may be just, fitting and proper.

## COUNT II - DECLARATORY JUDGMENT
### (Limitation Of Coverage To Designated Operations)

69.     Nautilus realleges and incorporates by reference each of the foregoing paragraphs above as though fully set forth herein.

70.     As noted above, the Nautilus Policy contains a Limitation Of Coverage To Designated Operations exclusion.

29190417v.1

71.     That exclusion bars coverage for "bodily injury" arising out of, or in any way related to, operations performed by any insured unless such operations are "designated operations".

72.     The Declarations to the Nautilus Policy identify NBE as being engaged in Computer Software Design and providing computer service or repair.

73.     The Underlying Action alleges that NBE modernized and/or optimized certain portions of Collins's sawmill machinery located at the Kane Hardwood sawmill facility.

74.     To the extent that NBE was providing services beyond computer software design and computer service or repair to Collins for the Kane Hardwood sawmill, there would be no coverage under the Policy.

75.     The Court should declare the claims in the Underlying Action are not covered by the Policy, that Nautilus has no duty to defend NBE in the Underlying Action, that Nautilus may withdraw its defense of NBE in the Underlying Action and that Nautilus has no duty to indemnify NBE for any damages awarded (or settlement reached) in the Underlying Action.

**WHEREFORE,** Nautilus demands judgment be entered in its favor and against NBE and Blum and prays that the Court declare:

    a.   The rights, duties and obligations of the parties hereto under the law, contract and facts herein;

    b.   That the Policy issued by Nautilus to NBE does not provide coverage for the claims in the Underlying Action;

    c.   That Nautilus has no duty to defend NBE in the Underlying Action and may withdraw from the defense of NBE in the Underlying Action;

-12-

29190417v.1

d.  That Nautilus has no duty to indemnify NBE for any damages awarded (or settlement reached) in the Underlying Action; and

e.  Award Nautilus its costs of suit and such other and further relief as may be just, fitting and proper

## <u>DEMAND FOR TRIAL BY JURY</u>

Nautilus hereby demands a trial by jury of issues so triable.

Dated September 26, 2022

                                        **WHITE AND WILLIAMS LLP**


                                        By: _s/ Anthony L. Miscioscia_____
                                             Anthony L. Miscioscia, ID #69215
                                             David E. Edwards, ID #67961
                                             1650 Market Street
                                             1800 One Liberty Place
                                             Philadelphia, PA 19103
                                             (215) 864-7000
                                             misciosciaa@whiteandwilliams.com
                                             edwardsd@whiteandwilliams.com